# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FOREST CONAN KINCADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-154-SNLJ |
| | ) | |
| KENNETT, MO CITY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's second amended complaint. The Court previously granted plaintiff's motion to proceed in forma pauperis, found that his complaint failed to state a claim, and, in light of plaintiff's pro se status, twice gave him an opportunity to amend. For the reasons stated below, the Court finds that plaintiff's second amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Discussion**

Plaintiff is an inmate at Eastern Reception Diagnostic and Correctional Center. He filed this action pursuant to 42 U.S.C. § 1983 on September 22, 2014, alleging violations of his civil rights by the Kennett, Missouri Police Department, and several of its officials.

At the time he filed his complaint, plaintiff moved to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed in forma pauperis on November 4, 2014. Under § 1915, a Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. After reviewing plaintiff's complaint, the Court found that although plaintiff might be able to assert a claim based upon the denial of a constitutional right, he failed to state a claim upon which relief could be granted at that time because his complaint was silent as to whether he was suing the named defendants in their official and/or individual capacities. The Court also found that the complaint failed to allege that a policy or custom of a government entity was responsible for the alleged violation of plaintiff's constitutional rights. He was ordered to file an amended complaint in compliance with the Court's instructions at that time. However, the Court did not direct the Clerk to send plaintiff a "Prisoner Civil Rights Complaint" form.

On November 19, 2014, plaintiff filed an amended complaint, which was handwritten. The amended complaint was brought against the same defendants and again was silent as to whether he was suing the named defendants in their official and/or individual capacities, and failed to allege that a policy or custom of the Kennett, Missouri Police Department was responsible for the alleged violation of plaintiff's constitutional rights.

On November 21, 2014, the Court directed the Clerk to send plaintiff a "Prisoner Civil Rights Complaint" form, again ordered plaintiff to file an amended complaint, and noted that

"[i]n order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint."

Plaintiff filed his second amended complaint on December 3, 2014. The second amended complaint failed to list the individual officials as defendants and, when it discussed their actions, again was silent as to whether they were being sued in their official and/or individual capacities. Further, the complaint again failed to allege that a policy or custom of the Kennett, Missouri Police Department was responsible for the alleged violation of plaintiff's constitutional rights.

Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Because the second amended complaint does not contain any allegations that a policy or custom of the Kennett, Missouri Police Department was responsible for the alleged violations of plaintiff's constitutional rights, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint because the second amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>17th</u> day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE